THOMAS H. ECKERT, Respondent, *v.* THE G. B. FARRINGTON COMPANY, INC., and WILLIAM J. DOWNIE, Appellants, Impleaded with DANIEL J. ROCHE, Defendant.

Fourth Department, May 7, 1941.

*Frank L. Ward [F. E. Coursen* of counsel], for the appellants.

*Harry H. Hartman [Clifford H. Searl* of counsel], for the respondent.

HARRIS, J. On this appeal we review the legal merits of a judgment in favor of the plaintiff-respondent against the appealing defendants The G. B. Farrington Company, Inc., and William J. Downie. In so far as the other defendant, Daniel J. Roche, is concerned, a jury has found in his favor as against the plaintiff-respondent, and there has been no appeal taken from the judgment entered on such verdict favorable to the defendant Roche.

The action is one in negligence growing out of a collision between two automobiles in which collision the plaintiff was seriously injured. The amount of the verdict in his favor is $7,500, and there is no question raised as to the sufficiency or insufficiency of the verdict.

The sole question before us is whether or not the two defendants who appeal are, or either one is, liable in damages to the plaintiff-respondent. The plaintiff-respondent and defendant-appellant Downie are brothers-in-law. The defendant-appellant Downie, at the time of the accident in question, was in charge of an automobile owned by the defendant Farrington Company and was using the automobile with the consent of, and on the business of, such defendant corporation.

On the day of the mishap, Downie started out to find a delinquent debtor of his employer and on his way to transact that business Downie stopped at the home of the plaintiff-respondent and invited the plaintiff-respondent to ride along with Downie and his wife. The inducement that Downie held out to Eckert to go along (Eckert was reluctant to go out that evening) was that on the trip they could stop and see the daughter of the Eckerts who was at a camp in the vicinity of the place to which Downie was going on his business errand. While on this trip and shortly after leaving the Eckert home, it was discovered that the left rear tire of the automobile had gone flat. Downie requested the plaintiff-respondent to aid him (Downie) in replacing the tire. There was a conflict of testimony as to whether or not at the time this occurred, and the later replacing of the tire took place, the Downie automobile was on or off the pavement. From the result of the jury's consideration of the case, and bearing in mind the instructions of the court that no recovery could take place if the automobile was off the pavement, it must be presumed that the jury found that during the replacing of the tire, and at the time of the accident which occurred during that repair, the automobile was on the pavement. It was claimed by the plaintiff-respondent on the trial and undisputed by the defendant-appellant Downie, that prior to working on the tire the plaintiff drew the attention of Downie to traffic on the road and the consequent dangers thereof to a person replacing the tire while the car stood on the highway, and that the plaintiff proceeded in replacing the tire in that spot only when assured by Downie that he, Downie, would watch out for, warn the plaintiff of, and protect the plaintiff from, danger of passing traffic, and that in at least two instances prior to the accident Downie did so protect the plaintiff; on a third occasion, when the plaintiff noticed that a car was approaching, he again received Downie's assurance

that there was no danger to the plaintiff from the approaching car. Unfortunately for the plaintiff the last-mentioned car, which was that of the defendant Roche, headed toward the Downie car and caught and crushed the plaintiff between the Roche and Downie cars.

The testimony on behalf of the plaintiff and against the defendant Roche was that the defendant Roche appeared to be intoxicated and had negligently driven his car onto the wrong side of the road to where the Downie car was standing; Roche denied that he was intoxicated and negligent, and testified that as he came across the bridge and around a curve into the vicinity of the Downie car, the lights of the Downie car blinded him in such a way as to cause the collision. Evidently the jury took the version of the defendant Roche's conduct as given by him, and decided that he was not to blame in any way for the injury to the plaintiff.

The verdict in favor of the plaintiff was against both of the defendants-appellants, the owner of the car, the employer, and employee, the one driving the same with the consent of the owner. The question before us is whether or not there is sufficient evidence in the record to sustain such a verdict, and whether the record is free of error which materially influenced the verdict.

On the trial, at the close of the proof of the plaintiff, and at the close of the entire proof, motions were made to dismiss on behalf of each one of the defendants. Great stress was laid upon the fact that in replacing the tire on the paved portion of the highway both Downie and plaintiff were engaged in a violation of the law. Subdivision 3 of section 87 of the Vehicle and Traffic Law provides: " It shall be unlawful to make repairs to any vehicle in any public highway except in an emergency." From the facts in the case, the court charged the jury that, as a matter of law, there was no emergency which required the leaving of the Downie car on the highway pending repair. There can be no question as to the correctness of such an instruction because, if the car was on the highway (and the jury so found), it could have been easily moved therefrom to a wide area space within a few feet off the highway from where the car was left standing. Counsel for the defendants Downie and Farrington Company contended that, so long as the plaintiff and the defendant Downie were violating subdivision 3 of section 87 of the Vehicle and Traffic Law, they were guilty of such negligence as would preclude the plaintiff from recovery in the action. The court refused to rule favorably on this contention, holding that, even though the statute was violated, there still remained a question of fact for the jury to determine whether or not the violation of the statute was a proximate cause

of the accident to the plaintiff. (*Tedla* v. *Ellman*, 280 N. Y. 124; *Martin* v. *Herzog*, 228 id. 164.)

The jury apparently found that in so far as the defendant Downie was concerned, he had been negligent, but in so far as the plaintiff was concerned, he was free from contributory negligence. Considering that both plaintiff and the defendant Downie were working on the car and the tire, these two findings, at first blush, appear to be inconsistent with each other and yet they really are not so. The specific charge of negligence against the defendant Downie was not only that he had permitted the car to remain upon the road in violation of the statute, but that he had failed to give the warning of the approach of danger which, under his agreement, he was bound to give to the plaintiff, providing that he, Downie, was in a position so to do, and there can be no doubt that, if he were as watchful as he agreed to be, he had ample opportunity to give such warning, should have given such warning, and was negligent in failing to do so. In addition to this, in leaving the car on the highway the lights of the Downie car were left shining into the face of a person coming around the curve and on the other side of the road, and this being with the knowledge of the driver of the car, Downie, can be regarded as negligence on his part and a violation of the duty which he had assumed, to protect the plaintiff Eckert, who was working on the disabled automobile at the request of Downie. A jury could fairly say from the testimony that as a reasonably prudent man the plaintiff was warranted in relying on Downie's assurance of protection, and thus was not necessarily guilty of contributory negligence as a proximate contributing cause of the accident, although he was violating the statute. (§ 87, subd. 3.) With these conclusions in mind, the court is justified in sustaining the verdict as against the defendant Downie.

There remains the question as to whether the other defendant-appellant should have been held liable for the negligence of its employee Downie. The court instructed the jury, if it returned a verdict against the defendant Downie, it followed that the verdict should also be against the defendant Farrington Company. There was some discussion during the trial and on the arguments to the effect that the liability of the defendant-employer could come by virtue of the provisions of section 59 of the Vehicle and Traffic Law, which provisions, so far as pertinent to this action, are as follows: " Every owner of a motor vehicle * * * operated upon a public highway shall be liable * * * for death or injuries * * * from negligence in the operation of such motor vehicle * * * in the business of such owner or otherwise, by any person legally using or operating the same with the permission * * * of such owner."

The trial court took the viewpoint that the liability of the owner for the legal use or operation of a car coming within the provisions of such section 59, included the control of the car not only while it was being driven, but while it was being repaired on the road. Such a ruling could well be sustained by a proper construction of the term " legally using."

In addition to the liability of the owner, which may come by reason of section 59 of the Vehicle and Traffic Law, there is in this case the situation where an employee, looking after the necessary repair of an automobile belonging to his employer, secures and retains the necessary services of a third party; and thus makes the employer liable to such third party for the negligence of the employee, in this instance the defendant Downie. (See *Geibel* v. *Elwell*, 19 App. Div. 285; *Bernhardt* v. *American Railway Express Co.*, 218 id. 195; *Cannon* v. *Fargo*, 222 N. Y. 321.)

The verdict against both defendants-appellants should be sustained.

CROSBY, P. J., concurs; CUNNINGHAM, J., concurs in the result in the following memorandum, in which McCURN, J., concurs: My view with respect to this case is that the repair of the car so that it might proceed on its journey was part of the operation of the car and that the defendant company is liable under section 59 of the Vehicle and Traffic Law for any negligence of Downie in the operation of the car; that Downie could be found to be guilty of negligence under subdivision 3 of section 87 of the Vehicle and Traffic Law for repairing the automobile in the highway. I believe that section is intended to apply to a person who actually causes the vehicle to be repaired in the highway and does not apply to the plaintiff in this case. I am of the opinion that the promise of Downie to protect the plaintiff is not binding upon the defendant company but that it is material upon the question of the contributory negligence of the plaintiff. DOWLING, J., dissents and votes for a reversal and for a dismissal of the complaint as to both defendants. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

Judgment and order, so far as appealed from, affirmed, with costs.