◼ J. FRANCIS VITALONE, Respondent, v. KENNETH J. MALOTTE, Appellant. JOSEPHINE VITALONE, Respondent, v. KENNETH J. MALOTTE, Appellant.— Orders affirmed, with costs. All concur. (Appeal from two orders of Ontario Trial Term granting plaintiffs' motion to set aside verdicts of a jury in favor of defendant for no cause of action, and for a new trial in an automobile negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

◼ PAUL P. GLOUZWSKI, Respondent, v. JOSEPH M. RUBACK, Appellant, et al., Defendant.— Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, with leave to serve an amended complaint if so advised with 10 days after service of the order entered herein with notice of entry. Memorandum: This appeal is from an order denying a motion to dismiss the complaint as against the defendant owner of the automobile upon the ground that the complaint fails to state a cause of action as to that defendant. The complaint alleges that on December 17, 1954 the plaintiff was a passenger in a Hudson automobile owned by the defendant Ruback and that in the process of alighting from said automobile the defendant Lockwood carelessly closed the door on the plaintiff's hand; that said automobile was at the time being used by the defendant Lockwood with the knowledge, consent and permission of Ruback the defendant owner. Liberally construing the last-mentioned allegation we think that it may be regarded as an allegation of an ultimate fact rather than a conclusion as urged by the appellant. Negligence in the operation of a motor vehicle by any person legally using or operating the same is not limited to the manner in which the motor vehicle is driven (*Eckert* v. *Farrington Co.*, 262 App. Div. 9, affd. 287 N. Y. 714; *Elfeld* v. *Burkham Auto Renting Co.*, 299 N. Y. 336, 346). We agree with the Special Term that "Closing the door of an automobile may very well be part of the process of either using or operating the automobile, depending on the circumstances which may develop on the trial". The complaint here attempts to state a cause of action against the defendant owner based solely upon section 59 of the Vehicle and Traffic Law. Liability under that section is confined to operation upon a public highway. There is no allegation in this complaint which satisfies that requirement of the statute (*Sylvester* v. *Brockway Motor Truck Corp.*, 232 App. Div. 364; see, also, *Roberts* v. *Gagnon*, 1 A D 2d 297, 300). All concur. (Appeal from an order of Erie Special Term denying a motion by defendant Ruback for a dismissal of plaintiff's complaint as to him.) Present McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

◼ JOSEPHINE DE VITO, as Administratrix of the Estate of JOSEPH DE VITO, SR., Deceased, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, INC., Appellant.— Order affirmed, with $10 costs and disbursements. All concur, except Vaughan, J., who dissents and votes for reversal and denial of the motion on the ground that the moving papers are insufficient to grant the relief sought. (Appeal from an order of Monroe Special Term, granting in part plaintiff's motion for a discovery and inspection.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

◼ CATHERINE KEEGAN, Respondent, v. SATTLER'S, INC., Appellant.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment of Erie Trial Term for plaintiff in a negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.