■ DEREK RICHARDSON et al., Appellants, v LEATHERBEE INSURANCE CO., INC., Respondent.—Order, Supreme Court, New York County, entered January 28, 1975, unanimously reversed, on the law, and the motion of plaintiff-appellant for summary judgment granted. Appellant shall recover of respondent $60 costs and disbursements of this appeal. This action was brought under the provisions of section 167 (subd. 1, par. [b]) of the Insurance Law to recover the amount of a judgment obtained in the Civil Court of the City of New York, arising out of an accident involving a car insured by defendant-respondent (respondent). Respondent's insured, Luz M. Rodriguez, never informed respondent of the accident in which Rodriguez's car was driven by one Efrain Bonilla. The action was commenced by substituted service of the summons upon Bonilla who defaulted in appearing. After commencement of the action on May 16, 1973, a letter was addressed to respondent informing it of the accident. On July 23, 1973, copies of the summons and complaint were mailed to respondent by appellant's counsel, and this was followed on August 6, 1973, by service of a notice of inquest. The inquest was held August 20, 1973, and upon its finding a judgment was entered at Civil Court, September 4, 1973, in favor of appellant in the sum of $10,107.50. In the present action, respondent's answer alleged a lack of knowledge of or information sufficient to form a belief as to whether Bonilla was operating the vehicle with the permission and consent of Rodriguez, and affirmatively pleaded a lack of co-operation by its insured. The Supreme Court denied appellant's motion for summary judgment and this appeal followed. So far as appears from the record, respondent at no time, up to the present, disclaimed liability in accordance with subdivision 8 of section 167 of the Insurance Law. Under that section it was obligated to "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." While there was some delay on the part of the injured party in giving notice, respondent had ample opportunity to disclaim or deny coverage but did neither. Since respondent is still not disclaiming, it should not now be able to avoid liability *(Allstate Ins. Co. v Gross,* 27 NY2d 263). The question of permissible use should be deemed waived by the failure to disclaim. Settle order on notice. Concur—Stevens, P. J., Markewich, Lupiano, Tilzer and Capozzoli, JJ.