Bertram Harnett, J.
Car owners in the State are responsible for injuries caused by the "use or operation” of their cars. (Vehicle and Traffic Law, § 388.) However, that phrase, "use or operation”, is not always easy to apply in a particular case. The social desirability of affording fiscal assurances for the benefit of victims has led to expanded meanings of statutes imposing owner’s liability.
The narrow question presented here is whether the act of entering a car is part of its "use or operation”. It is whether the car owner is liable for injuries sustained when a passenger’s hand is caught in a closing car door.
Joseph J. Sgroi and Robert Freedman were students participating in a Kings Point School driver’s education course. Joseph was in the driver’s seat of a car which was then standing still. When entering through the car’s left rear door, *505 Robert somehow closed it on Joseph’s hand, severing a fingertip. Joseph claims damages both from the school and its lessor, Olin of New York, who owned the car and leased it to the school on a long-term basis. Pursuant to section 128 of the Vehicle and Traffic Law, the school is deemed an "owner” by virtue of its rental.
Surprisingly, the case law has not comprehensively defined the details of "use or operation”, but there is some precedent for guidance. In Eckert v Farrington Co. (262 App Div 9) the court found that changing a flat tire was "using” the car and it held the car owner could be liable for the injuries suffered by a passenger crushed while making that repair.
In Stole v United States Steel Corp. (34 Misc 2d 103), a pedestrian was injured when she tripped over a wire used for unloading a truck. The court held the truck owner liable on the theory that the truck was being "used or operated” in the act of unloading.
Plainly, "use or operation” encompasses more than just driving a car. (Eckert v Farrington Co., supra; Stole v United States Steel Corp., supra.) Reasonably, the phrase must include all activities necessarily part of driving a car, such as getting in and getting out. In the sense of the authorities, there is little doubt that Joseph J. Sgroi and Robert Freedman were "using” the car at the time of this accident. As "owners”, Olin aiid the Kings Point School are responsible for any negligence which resulted in Joseph’s injuries.
The court renders no opinion here about the particular insurance consequences of its conclusion when applied to the self-insured lessor and the commercially insured lessee school. The court has insufficient information about the contractual relationships between the parties.