GERARD GERING, Respondent, v MERCHANTS MUTUAL INSURANCE COMPANY, Appellant; LEONARD CAPARATTA et al., Respondents, et al., Defendant.

Second Department, June 30, 1980

## APPEARANCES OF COUNSEL

*Montfort, Healy, McGuire & Salley (E. Richard Rimmels, Jr.,* of counsel), for appellant.

*Rivkin, Leff & Sherman (John F. Morrison* of counsel), for respondent.

*Joachim, Flanzig & Weissman (Stanley Weissman* of counsel), for respondents.

## OPINION OF THE COURT

MANGANO, J.

On November 24, 1974, plaintiff and defendants Caparatta and De Rosa, were returning home to New York from a hunting trip in Maine, when De Rosa's truck developed a problem with a front wheel bearing. Stopping at a service station on the Maine Turnpike they found there was no mechanic available. De Rosa therefore obtained permission to use the service station's bay, where he and the plaintiff attempted to free the "frozen" inner wheel bearing. In so doing, plaintiff hit the bearing with a hammer and chisel and chipped off a piece of metal which flew up and hit Caparatta in the eye.

Caparatta commenced an action to recover damages for personal injuries and named the plaintiff as one of the defendants. Plaintiff requested defendant Merchants Mutual Insurance Company (Merchants) to appear for him and defend and indemnify him in the Caparatta action under the liability insurance policy issued to De Rosa for his truck. Merchants disclaimed coverage to plaintff as an additional insured, contending that plaintiff was not "using" the vehicle within the policy coverage. Plaintiff brought this action for a declaratory judgment arguing that his activity was covered by the policy. The trial court agreed and Merchants appeals.

The issue on this appeal is whether plaintiff's activity was a "use" of the vehicle so as to provide coverage for the plaintiff as an additional insured under De Rosa's policy. We affirm the judgment of the trial court and hold that an emergency repair performed on a vehicle, so that it might proceed on its journey, constitutes a "use" within the meaning of the insurance policy.

De Rosa's policy obligated Merchants to defend and indemnify the insured with respect to accidents resulting in bodily injury "arising out of the ownership, maintenance or use of the automobile." The policy's standard omnibus clause defines insured to include "any person while using the automobile * * * with the permission of [the named insured or his spouse]." As the omnibus clause refers solely to "using", Merchants' obligation with respect to additional insureds is

limited to those activities which constitute "using the automobile" (see 12 Couch, Insurance 2d [Dec., 1977 supp], § 45-321).

The "use" of a vehicle encompasses more than just driving a car *(Nassau County Ch. of Assn. for Help of Retarded Children v Insurance Co. of North Amer.,* 59 AD2d 525; *Eckert v Farrington Co.,* 262 App Div 9, affd 287 NY 714; *Fireman's Fund Amer. Ins. Cos. v Olin of N. Y.,* 84 Misc 2d 504; *Stole v United States Steel Corp.,* 34 Misc 2d 103). It may include control of the vehicle while a flat tire is being repaired *(Eckert v Farrington Co., supra);* getting in and out of the car *(Glouzwski v Ruback,* 3 AD2d 692; *Fireman's Fund Amer. Ins. Co., v Olin of N. Y., supra);* unloading a vehicle *(Stole v United States Steel Corp., supra);* examining the vehicle's gas gauge while filling up its tank *(Roche v United States Fid. & Guar. Co.,* 247 App Div 335, affd 273 NY 473); and supervising a retarded child while being transported *(Nassau County Ch. of Assn. for Help of Retarded Children v Insurance Co. of North Amer., supra).*

In our opinion, plaintiff's activity constituted a "use" of the De Rosa vehicle. Plaintiff, with the permission and co-operation of De Rosa, attempted to perform an emergency repair so that the hunting party could continue on its way home. Such an act was not maintenance, in the sense of periodic checks and repairs performed in order to keep the vehicle in proper condition and good working order, but was directly connected with the continued "use" of the vehicle. Accordingly, plaintiff is entitled to coverage as an additional insured under De Rosa's insurance policy.

TITONE, J. P., MARTUSCELLO and WEINSTEIN, JJ., concur.

Judgment of the Supreme Court, Suffolk County (GEILER, J.), entered July 12, 1979, affirmed, with one bill of $50 costs and disbursements payable to the respondents appearing separately and filing separate briefs.