PROGRESSIVE CASUALTY INSURANCE COMPANY, Appellant, v
JAMES M. CONKLIN, SR., et al., Respondents.

Third Department, December 31, 1986

APPEARANCES OF COUNSEL

*MacVean, Lewis, Sherwin, McDermott & Rosenstein, P. C.* *(Monte Rosenstein* of counsel), for appellant.

*Cooke & Davis (Bruce Perlmutter* of counsel), for Carrie Komito, respondent.

## OPINION OF THE COURT

WEISS, J.

We have been called upon to determine whether the steps taken by an automobile liability insurer effectively insulated it from the obligation to defend and pay any recovery against its insured. Trial Term, in this declaratory judgment action, found that the insurer remained obligated to defend and granted judgment in favor of the insured. We agree and affirm.

The facts do not appear to be in dispute. On June 14, 1982, defendant Carrie Komito owned a 1978 Dodge Diplomat and a 1972 Mercury station wagon. Plaintiff's automobile liability policy listed only the 1978 Dodge as a covered vehicle. On that day, Komito, after encountering difficulty with the Dodge, drove the uninsured 1972 Mercury in the course of which she allegedly struck defendant James Millard Conklin, Sr., a pedestrian. It is not disputed that Komito gave prompt notice of the accident to plaintiff and that by letter of August 13, 1982, Conklin's attorney sent plaintiff a copy of the police report, which listed plaintiff as the Mercury's insurance carrier and requested the form for a "no-fault" claim. It was not until January 27, 1983 that plaintiff first asserted the existence of a coverage problem by notifying Conklin's attorney that the vehicle was not covered and that coverage in its entirety might be denied. On January 28, 1983, plaintiff wrote Komito reserving all rights of denial under the policy. On January 31, 1983, Conklin commenced a personal injury action against Komito. By letter dated February 11, 1983, plaintiff acknowledged receipt of the summons and complaint and advised Komito that it would defend her without acknowledging coverage and subject to a reservation of all rights to deny coverage. On February 28, 1983, plaintiff commenced this action for judgment declaring that it had no duty to defend or provide coverage to Komito. The action was tried by Trial Term without a jury resulting in a judgment in favor of Komito on the grounds that the reservation of rights letter did not serve as a disclaimer and, further, that the delay of seven

or eight months in asserting disclaimer was, as a matter of law, unreasonable. Plaintiff has appealed.

It is clear that the 1972 Mercury was not and never had been covered by the insurance policy. The issue thus becomes whether plaintiff had a duty to timely disclaim coverage. Under Insurance Law § 3420 (d) (as renum by L 1984, ch 367), an insurance carrier seeking to deny coverage or liability must "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant". A failure to timely disclaim coverage, however, cannot serve to create insurance coverage which the insured's policy was not written to provide *(see, Schiff Assoc. v Flack,* 51 NY2d 692). The purpose of the statute is to avoid prejudice to both the insured and the injured party flowing from an untimely disclaimer or denial, not to "provide an added source of indemnification which had never been contracted for and for which no premium had ever been paid" *(see, Zappone v Home Ins. Co.,* 55 NY2d 131, 137). Since defendant owned the 1972 Mercury before she purchased the subject policy but never included it as a covered vehicle, it does not fit within the definition of covered automobiles in the policy.

However, the liability coverage portion of the policy states that the carrier will pay damages for injuries from an automobile accident where "any covered person becomes legally responsible". The policy describes a covered person as "You or any family member for the ownership, maintenance or use of *any auto* or trailer" (emphasis supplied). It follows that Komito qualifies as a covered person under the policy while driving the uninsured Mercury auto, subject only to the further policy provision excluding from coverage any vehicle owned by Komito other than her covered automobile.

To benefit from the policy exclusion, it was incumbent on plaintiff to provide a written disclaimer "as soon as [was] reasonably possible" (Insurance Law § 3420 [d]). Generally, the failure to give such timely notice precludes the insurance carrier from effectively asserting these defenses *(see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029). Here, Trial Term correctly held that the reservation of rights letter did not constitute an effective denial of coverage under Insurance Law § 3420 (d) *(see, Zappone v Home Ins. Co., supra,* p 135). Nor did the commencement of this action in February 1983 serve as a timely disclaimer *(see, Insurance Co. of N. Am. v*

*Norris,* 116 Misc 2d 314, 321). Since there is little dispute that plaintiff was timely apprised of the accident and yet failed to serve an effective disclaimer even after seven months elapsed following the accident, plaintiff is estopped from disclaiming coverage *(see, Hartford Ins. Co. v County of Nassau, supra,* p 1029). Contrary to plaintiff's argument, the estoppel pertains regardless of whether any prejudice resulted from the delay in notification *(see, Dryden Mut. Ins. Co. v Michaud,* 115 AD2d 150, 151).

KANE, J. P., MAIN, LEVINE and HARVEY, JJ., concur.

Judgment affirmed, with costs to defendant Carrie Komito.