■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, and CATHY E. MERRILL, Appellant. [596 NYS2d 554] —Crew III, J. Appeal from an order of the Supreme Court (Smyk, J.),

entered June 24, 1992 in Broome County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Respondent was injured in an accident on October 25, 1988 when her car collided with an automobile owned by Ronald Mahy in the Village of Johnson City, Broome County. The automobile respondent was operating was insured by petitioner, which also insured another automobile owned by respondent and her husband.

Respondent commenced a personal injury action against Mahy, who was insured by Allcity Insurance Company with a bodily injury limit of $10,000. Respondent was informed of that limit in February 1990. In July 1991, respondent first informed petitioner of her intent to pursue underinsured benefits and a formal notice of claim for such benefits was submitted in August 1991. Petitioner wrote respondent requesting an excuse for the delay in giving notice and reserved its right to disclaim. Thereafter, the personal injury action was settled with petitioner's consent.

On December 13, 1991 respondent demanded arbitration of her claim, and on January 3, 1992 petitioner commenced this proceeding seeking a stay of the arbitration on the ground that respondent failed to provide timely notice of claim. Respondent answered, claiming that petitioner was estopped from denying coverage because it failed to disclaim coverage as soon as reasonably possible. Supreme Court granted petitioner's application and this appeal ensued.

The cases relied upon by petitioner are inapt. It is true that an insurance company is not subject to the timely disclaimer provisions contained in Insurance Law § 3420 (d) where no coverage existed under the policy. As was aptly stated in *Zappone v Home Ins. Co.* (55 NY2d 131, 134), "the failure to disclaim coverage does not create coverage which the policy was not written to provide" *(see, Matter of Continental Ins. Co. v Sarno,* 128 AD2d 870). Here, however, there can be no doubt that the policies in question were written to cover the very situation for which respondent made a claim.

An insurer which fails to disclaim coverage as soon as reasonably possible *(see,* Insurance Law § 3420 [d]) cannot disclaim coverage because the insured failed to provide timely notice *(see, Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308, *lv denied* 79 NY2d 756), and a letter in which an insurer reserves its rights to disclaim is not an effective disclaimer *(see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028;

*Allstate Ins. Co. v Gross,* 27 NY2d 263). It was therefore petitioner's burden to explain its delay in notifying respondent of its disclaimer *(see, Hartford Ins. Co. v County of Nassau, supra)* and the reasonableness of any delay in disclaiming must be judged from the time that the insurer is aware of sufficient facts to disclaim *(see, Allstate Ins. Co. v Gross, supra,* at 269-270). Petitioner was sufficiently aware of facts justifying a disclaimer in September 1991 when it had received respondent's notice of claim and her reasons for her delay in giving notice. Indeed, petitioner to this date has not issued a disclaimer except inferentially by commencement of this proceeding, and such delay is unreasonable as a matter of law *(see, Associated Mut. Ins. Co. v Samicaban Inc.,* 178 AD2d 883).

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, petition dismissed and the parties are directed to arbitrate.