■ GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant, v ROBERT L. CLARK et al., Defendants, and MICHELE L. MILLER, Respondent. [613 NYS2d 295] —Crew III, J. Appeal from an amended judgment of the Supreme Court (Monserrate, J.), entered September 20, 1993 in Broome County, which granted defendant Michele L. Miller's motion for summary judgment and declared that plaintiff is obligated to defend and indemnify defendant Robert L. Clark in another action.

On July 28, 1991, defendant Michele L. Miller was injured in an automobile accident in the Town of Maine, Broome County, while riding as a passenger in a van owned by Robert La Due and operated by defendant Robert L. Clark. At the time of the accident, the van was insured by plaintiff. In 1992, Miller commenced a personal injury action against, among others, Clark and La Due. La Due timely interposed an answer to the complaint, but Clark defaulted. In February 1993, plaintiff notified Miller and Clark that it disclaimed coverage of Clark under its policy on the ground that Clark was not a permissive user of the La Due vehicle at the time of the accident and that Clark breached his duty to tender suit papers to plaintiff when served. In March 1993, plaintiff commenced the instant action seeking a declaration that plaintiff is not obligated to indemnify and defend Clark in the Miller action. After service of an answer, Miller moved for summary judgment dismissing plaintiff's complaint and for an order declaring that plaintiff is bound to defend and indem-

nify Clark in the Miller action, which motion was granted on the ground that plaintiff failed to give reasonable notice of its disclaimer of liability. Plaintiff appeals.

Plaintiff contends that it was not obligated to provide Clark or Miller with a notice of disclaimer under the provisions of Insurance Law § 3420 (d) because its policy of insurance did not provide coverage for nonpermissive users. We disagree. It is true, as plaintiff contends, that "an insurance company is not subject to the timely disclaimer provisions contained in Insurance Law § 3420 (d) where no coverage existed under the policy" *(Matter of State Farm Mut. Auto Ins. Co. [Merrill],* 192 AD2d 824, 825; *see, Zappone v Home Ins. Co.,* 55 NY2d 131, 138-139). Indeed, a distinction is to be drawn between the denial of a claim based upon an exclusion from coverage as opposed to noncoverage *(see, Planet Ins. Co. v Bright Bay Classic Vehicles,* 75 NY2d 394, 400). In the former situation, the policy covers the claim but for the applicability of the exclusion and, therefore, a notice of disclaimer is required. In the latter, the claim is not within the ambit of the policy and, therefore, mandating coverage on the basis of an insurer's failure to serve a timely notice of disclaimer would be to create coverage where none previously existed *(see, Zappone v Home Ins. Co., supra,* at 137).

Here, nonpermissive use is not specifically denominated as an exclusion under the policy but, rather, appears as a definition of coverage. In our view, however, a careful reading of the limiting language used to define who is an "insured" under the policy reveals that nonpermissive use is in the nature of an exclusion and, hence, a notice of disclaimer is required *(compare, Planet Ins. Co. v Bright Bay Classic Vehicles, supra,* at 400; *United Servs. Auto. Assn. v Meier,* 89 AD2d 998, 999; *Richardson v Leatherbee Ins. Co.,* 47 AD2d 891). Moreover, contrary to plaintiff's assertion, the nonpermissive use clause does not operate to rewrite the policy to provide coverage when "the policy as written could not have covered the liability in question under any circumstances" *(Zappone v Home Ins. Co., supra,* at 134). Plaintiff made an express contract of insurance for the vehicle involved in the accident and agreed to provide coverage for anyone using that vehicle with the permission of the named insured.

Additionally, Vehicle and Traffic Law § 388 (1) creates a strong presumption that the driver of a vehicle is operating it with the owner's permission and consent, express or implied, and that presumption continues until rebutted by substantial evidence to the contrary *(see generally, Wynn v Middleton,* 184

AD2d 1019, 1020; *Ames v Cross,* 177 AD2d 771, 772). Thus, at the time of the accident, Clark was presumed to be operating the vehicle with La Due's permission and, inasmuch as the policy in question provided coverage for permissive users, coverage existed at the time of the accident and continued unless and until it was established that Clark was driving La Due's vehicle without permission. Finally, although a subsequent finding that Clark indeed was a nonpermissive user of the La Due vehicle would negate coverage under the policy, it would not, as plaintiff contends, establish that there was no coverage in the first instance. Accepting plaintiff's argument on this point would, in our view, be contrary to the provisions of both Insurance Law § 3420 (d) and Vehicle and Traffic Law § 388 (1) and the policy considerations underlying those statutes.

Having concluded that a notice of disclaimer was required under these circumstances, we agree with Supreme Court's determination that plaintiff's delay in disclaiming was unreasonable as a matter of law. Plaintiff was notified of the accident in question in September 1991 and thereafter denied Miller's claim for no-fault benefits in November 1991 on the basis of nonpermissive use of the La Due vehicle. Nevertheless, plaintiff did not formally disclaim coverage until February 17, 1993, some 15 months later. Plaintiff's remaining arguments, including its assertion that Supreme Court erred in finding that plaintiff was unreasonably late in disclaiming coverage due to Clark's alleged failure to forward the suit papers, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the amended judgment is affirmed, with costs.