■ CITY OF NEW YORK et al., Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Defendants, and CNA INSURANCE COMPANY, Respondent. [655 NYS2d 496] —Order of the Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about October 24, 1995, which, upon reargument, denied plaintiffs' motion for summary judgment declaring that defendant CNA Insurance Company has an obligation to defend and indemnify the City and Lehrer McGovern Bovis for claims in the underlying personal injury action, unanimously modified, on the law, to the extent of granting judgment declaring that defendant insurer has an obligation to provide plaintiffs with a defense to the underlying personal injury action and, except as so modified, affirmed, without costs.

The plaintiff in the underlying personal injury action filed a summons and complaint dated May 23, 1990 for injuries sustained when he slipped while walking under a sidewalk bridge on December 17, 1989 at about 1:30 A.M. The complaint names appellants the City of New York, the owner of the adjoining premises, and Lehrer McGovern Bovis Construction Management Corporation, the manager of the building project,

as defendants. Appellant Travelers Insurance Companies provided comprehensive general liability coverage to Lehrer McGovern Bovis.

Installation and maintenance of temporary lighting at the construction site was provided by Melnick & Company, Inc. and Sound Electric Corporation, Joint Venture (Melnick/Sound), which contracted with the City to perform electrical work for the project. The terms of the contract also required Melnick/Sound to procure comprehensive or general liability insurance naming the City and Lehrer McGovern Bovis as additional insureds and to indemnify and hold them harmless for all damages as the result of personal injury arising out of its performance of the work. Coverage was provided by Transcontinental Insurance Company, an affiliate of respondent CNA Insurance Company. On February 14, 1992, appellants tendered their defense to CNA as additional insureds under the policy and subsequently commenced a third-party action against Melnick/Sound by way of a summons and complaint dated February 25, 1992. The instant action, commenced in December 1992, was precipitated by CNA's failure to respond to this demand. It seeks a declaration that the insurer is obliged to furnish a defense and to indemnify appellants. (The Court is informed that Melnick/Sound was found to be free of any liability in the underlying personal injury action, and the question of indemnity is thereby rendered moot.)

Respondent CNA, which did not serve its answer until September 1993, asserted the defense of laches. CNA moved for summary judgment on the ground that appellants' demand for a defense was not timely made, and appellants cross-moved for summary judgment against CNA. Supreme Court originally granted appellants' cross motion but, on reargument, held that the basis for potential liability under the policy of insurance must be determined by reference to the four corners of the complaint.

The threshold issue on this appeal is whether the allegations contained in the pleadings, together with such other underlying facts regarding the plaintiff's claim as were "made known to the insurer create a 'reasonable possibility that the insured may be held liable for some act or omission covered by the policy' " (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 70, quoting *Meyers & Sons Corp. v Zurich Am. Ins. Group*, 74 NY2d 298, 302). While the complaint makes no allegation of inadequate lighting at the scene of the accident, plaintiff's bill of particulars alleges he slipped on ice that accumulated on uneven planking and further asserts the location was unlit.

Similarly, at depositions held on August 9, 1991 and on October 8, 1992, plaintiff stated, respectively, "There were no lights there", and, "It was fixed later on and they put lights there." Certainly, these allegations are collectively sufficient to put CNA on notice that its insured might be held answerable for some part of the damages resulting from Mr. Lugo's injury.

Respondent CNA, however, raises the defense of laches in its answer. Appellants, in opposition, contend that CNA never disclaimed its duty to defend or indemnify on the basis of untimeliness. CNA counters that appellants should be deemed to have waived this contention by their failure to assert it on the motion before Supreme Court.

CNA failed either to disclaim responsibility under its policy on the ground of late notice or even to respond to appellants' request that it provide a defense. Supreme Court dismissed CNA's defense predicated on untimely notice on the ground that its disclaimer was not in compliance with Insurance Law § 3420 (d) (citing *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028), notwithstanding the untimeliness of notice given by the insureds (citing *Matter of State Farm Mut. Auto. Ins. Co. v Cote*, 200 AD2d 622). CNA has not appealed from this ruling and, as expressly indicated by Supreme Court in the order subject to appeal, the insurer did not seek reargument on this basis.

That the underlying personal injury action absolved Melnick/Sound of all liability and therefore relieved CNA of its duty of indemnity is immaterial to the issue of the insurer's duty to provide a defense (*Aetna Cas. & Sur. Co. v National Union Fire Ins. Co.*, 228 AD2d 385). As the Court of Appeals noted in *Fitzpatrick v American Honda Motor Co.* (*supra*, at 66), " '[a] complaint subject to defeat because of debatable theories * * * must [nevertheless] be defended by the insured' " (quoting *International Paper Co. v Continental Cas. Co.*, 35 NY2d 322, 326; *see also*, *Frontier Ins. Co. v State of New York*, 87 NY2d 864, 867).

Both parties argue the question of whether CNA can assert the affirmative defense of co-insurance. However, neither the ruling subject to review nor the order from which reargument was taken addresses the issue, and the question of co-insurance is therefore not properly before us. Concur—Sullivan, J. P., Ellerin, Rubin and Mazzarelli, JJ.