**NEW YORK FUNERAL CHAPELS, INC.,** f/k/a Walter B. Cooke, Inc. and SCI Funeral Services of New York, Inc., Plaintiffs,

v.

**GLOBE INDEMNITY COMPANY,** Defendant.

No. 97 Civ. 8800(RWS).

United States District Court, S.D. New York.

Jan. 13, 1999.

Jones, Hirsch, Connors & Bull, New York City (Howard K. Fishman, of counsel), for Plaintiffs.

Oshman & Helfenstein, New York City (Hugh J. Helfenstein, of counsel), for Defendant.

*OPINION*

SWEET, District Judge.

Plaintiffs New York Funeral Chapels, Inc. f/k/a Walter B. Cooke, Inc. ("Cooke") and SCI Funeral Services of New York, Inc. ("SCI–NY") (collectively the "Plaintiffs") have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and for an order pursuant to Rule 37 of the Federal Rules of Civil Procedure striking the answer of defendant Globe Indemnity Company ("Globe") to Plaintiffs' complaint, precluding Globe from offering any evidence at the trial of this action, and requiring Globe to pay Cooke and SCI–NY's attorney's fees for this motion. For the reasons set forth below, Plaintiffs' motion for summary judgment is granted, and their Rule 37 motion is denied.

### The Parties

Plaintiff Cooke is a corporation incorporated under the laws of the State of New York having its principal place of business in the State of New York.

Plaintiff SCI–NY is a corporation incorporated under the laws of the State of New York having its principal place of business in the State of New York.

Defendant Globe Indemnity Company, is an insurance corporation incorporated under the laws of the State of Delaware having its principal place of business in the State of North Carolina, and is licensed by the Insurance Department of the State of New York.

### Prior Proceedings

Plaintiffs filed their complaint on November 26, 1997, seeking insurance coverage under a policy issued by Globe to Associated Limousine & Livery Service, Inc. ("Associated") with respect to two underlying actions pending in the Supreme Court of the State of New York, *Seth Lewis, Debbie Lewis and Daniel Braverman v. Mark Diagonette, NYNEX, Associated Limousine, Ernest Riggio and Garlick Funeral Home,* Index No.: 133670/94 (the "Lewis Action"), and *Philip Levy and Marilyn Levy v. Bernard S. Simon, Walter B. Cooke, Inc. f/k/a Boulevard–Riverside Chapels, Inc. d/b/a Boulevard–Riverside Chapels, SCI Funeral Services of New*

*York, Inc. f/k/a Schwartz Brothers Memorial Chapel, Inc. d/b/a Schwartz Brothers–Jeffer Memorial Chapel, Vito Pepitone and Limousines Associated,* Index No.: 31423/93 (the "Levy Action").

The plaintiffs in both underlying actions seek damages for injuries sustained while riding in or entering a limousine owned and operated by Associated and hired by Cooke for use during funeral services. Cooke has been named a defendant in both underlying actions, SCI–NY has been named as a defendant in the Levy action. Both Cooke and SCI–NY contend that they are insureds under Associated's policy, and requested that Globe defend and indemnify them with respect to the Lewis Action and the Levy Action. Globe maintains that Cooke had no written agreement with the owners or drivers of the vehicles involved in the underlying incidents. Globe contends that Cooke arranged for car service for clients by contacting its livery service, National Funeral Car, which, in turn, hired a limousine company such as Associated to provide a car and driver. According to Globe, the limousine service did not work for Cooke, but for National Funeral Car.

Globe has refused to defend and indemnify Cooke and/or SCI–NY in either action.

### The Facts

Plaintiffs filed the instant motions on September 11, 1998. Oral argument was heard on November 4, 1998, at which time the motions were deemed fully submitted.

### A.  The Globe Policy

Globe issued a business auto policy to Labella Giaziano Funeral Chapels, Inc. (policy number GST–206950) for the period of April 24, 1993 through April 24, 1994 (the "Globe Policy"). By endorsement, the named insured on the Globe Policy was amended to read Labella Giaziano Funeral Chapels, Inc. & Associated Limousine & Livery Service, Inc. & Pyramid Funeral Service, Inc.

Section II.A.1. of the Business Auto Coverage Form contained in the Globe Policy is entitled "Who is an Insured." That provision provides, in relevant part:

The following are insureds:

a.  You for any covered "auto".

b.  Anyone else while using with your permission a covered "auto" you own, hire or borrow. . . .

c.  Anyone else . . . who is liable for the conduct of an "insured" but only to the extent of that liability.

The Business Auto Coverage Form contained in the Globe Policy states that the words "you" and "your" refer to the Named Insured.

### B.  The Lewis Action

In the Lewis Action, plaintiffs Seth Lewis, Debbie Lewis and Daniel Braverman seek damages for injuries sustained by Seth Lewis and Daniel Braverman as a result of a motor vehicle accident involving a limousine owned and operated by Associated and a NYNEX vehicle. In their complaint, plaintiffs allege that they were riding in a vehicle allegedly owned by Associated or Garlick Funeral Home, and that the vehicle was part of a funeral procession at the time. The plaintiffs in the Lewis Action further allege that Garlick Funeral Home had direction, control and supervision over the vehicle.

At the time of the accident, the Lewis plaintiffs were passengers in Associated's limousine, and were returning from the cemetery to the home of Renee Lewis, the mother of the deceased. Associated's driver was operating the limousine at the time of the accident.

As part of the arrangements for the funeral, the Lewis family had requested that Cooke d/b/a Garlick Funeral Home provide limousine transportation. In turn, Cooke sub-contracted with Associated to provide a chauffeured limousine for use during the funeral. A separate charge for limousine service was contained in Cooke's bill to Ms. Lewis.

By letter dated December 28, 1994, Crawford & Company, on behalf of Cooke, tendered a copy of the summons and complaint in the Lewis Action to Globe and requested that Globe provide Cooke with a defense and indemnification under the Globe Policy with respect to the Lewis Action. That request was followed up by telephone calls and corre-

spondence dated January 9, 1995 and February 13, 1995. Globe has not provided Cooke with a defense in the Lewis Action or agreed to indemnify Cooke with respect to that action.

### C.  *The Levy Action*

In the Levy Action, plaintiffs Philip Levy and Marilyn Levy seek damages for injuries sustained by Philip Levy when defendant Bernard Simon closed the door of a limousine on Mr. Levy's finger. At the time of the accident, Mr. Levy was entering the limousine after attending funeral services at the Schwartz Brothers Memorial Chapel, which is owned and operated by SCI–NY. Mr. Simon was a funeral director for Cooke, and had been assisting the bereaved family members into the limousine for the drive to the cemetery at the time of the incident. Associated's chauffeur, Vito Pipitone ("Pipitone") testified that his duties and responsibilities included opening and closing the limousine's doors. Pipitone stated that "We don't let anybody else close the doors on the car." (Defendant's Brief at 2).

Arrangements for the funeral were handled by Cooke d/b/a Boulevard–Riverside Chapel. Limousine transportation was arranged by Cooke as part of the funeral arrangements; a separate charge for limousine service was contained on the funeral bill. In turn, Cooke sub-contracted with Associated to provide a chauffeured limousine for use during the funeral.

By letters dated March 25, 1994 and April 21, 1994, Crawford & Company, on behalf of Cooke, SCI–NY and Bernard Simon corresponded with Globe regarding Globe's defense and indemnification of Cooke, SCI–NY and Bernard Simon in the Levy Action. At that time, Globe apparently orally declined to assume the defense of Cooke, SCI–NY and Bernard Simon in the Levy Action, or indemnify them with respect to the claim.

By letter dated January 24, 1995, counsel for Cooke and/or SCI–NY once again requested that Globe assume the defense of Cooke, SCI–NY and Bernard Simon, and indemnify them with respect to this claim. The request was followed up by correspondence dated February 17, 1995 and March 15, 1996. By letter dated April 26, 1996, Globe declined to defend or indemnify Cooke, SCI–NY or Bernard Simon.

### *Discussion*

### I.  *Summary Judgment is Appropriate*

### A.  *The Standard for Summary Judgment*

A motion for summary judgment may be granted only when there is no issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law. *See* Rule 56(c), Fed.R.Civ.P.; *Silver v. City Univ.,* 947 F.2d 1021, 1022 (2d Cir.1991). If, when "[v]iewing the evidence produced in the light most favorable to the nonmovant ... a rational trier could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate." *Binder v. Long Island Lighting Co.,* 933 F.2d 187, 191 (2d Cir.1991). If, on the other hand, a reasonable finder of fact could return a verdict for the nonmoving party, there is a genuine factual dispute and summary judgment should not be granted. *See Zeevi v. Union Bank of Switzerland,* No. 89 Civ. 4637, 1992 WL 8347, *4 (S.D.N.Y. Jan.29, 1992). "[T]he trial court's task at the summary judgment stage of litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." *Gallo v. Prudential Residential Servs., Ltd.,* 22 F.3d 1219 (2d Cir.1994). Here, the facts set forth above are not in dispute.

### B.  *Globe Is Obligated to Defend Cooke and SCI–NY*

It is well settled in New York that "an insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to a reasonable possibility of recovery under the policy." *Fitzpatrick v. American Honda Motor Co.,* 78 N.Y.2d 61, 65, 571 N.Y.S.2d 672, 575 N.E.2d 90 (1991) (citing *Corp. v. American Home Assur. Co.,* 74 N.Y.2d 66,73, 544 N.Y.S.2d 531, 542 N.E.2d 1048 (1989)); *see also, Ogden Corp. v. Travelers Indem. Co.,* 924 F.2d 39, 41 (2d Cir.1991). Thus, whether an insurer has a duty to defend can be

determined by comparing the allegations made in the complaint to the terms of the insurance policy. *See Meyers & Sons Corp. v. Zurich American Insurance Group*, 74 N.Y.2d 298, 546 N.Y.S.2d 818, 545 N.E.2d 1206 (1989); *Zurich–American Insurance Cos. v. Atlantic Mutual Insurance Cos.*, 139 A.D.2d 379, 531 N.Y.S.2d 911 (1988), *aff'd*, 74 N.Y.2d 621, 541 N.Y.S.2d 970, 539 N.E.2d 1098 (1989). Moreover, the allegations of the complaint are to be "liberally construed" to determine whether the claim is within the coverages of the policy. *Ruder & Finn Inc. v. Seaboard Surety Company*, 52 N.Y.2d 663, 670, 439 N.Y.S.2d 858, 861, 422 N.E.2d 518 (1981).

This rule comports with "the oft-stated principle that the duty to defend is broader than the duty to indemnify." *Id.* (citations omitted). "An insurer may be contractually bound to defend even though it may not be ultimately bound to [indemnify], either because its insured is not factually or legally liable or because the occurrence is later proven to be outside the policy's coverage." *Id.* Accordingly, the courts of New York have "refused to permit insurers . . . to avoid their obligation to defend and have held that the duty to defend exists '[i]f the complaint contains any facts or allegations which bring the claim even potentially within the protections purchased.'" *Id.* (citing *Technicon*, 74 N.Y.2d at 73, 544 N.Y.S.2d 531, 542 N.E.2d 1048).

An insurer can avoid this duty to defend only if it "establishes that the 'allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and further, that the allegations *in toto*, are subject to no other interpretation.'" *Ogden Corp.*, 924 F.2d at 41 (quoting *Technicon*, 74 N.Y.2d at 73, 544 N.Y.S.2d 531, 542 N.E.2d 1048). Applying these established principles, Globe must defend Cooke and SCI–NY in the underlying actions.

### 1. *The Lewis Action*

▮ Globe asserts that with respect to the Lewis case, there is no allegation in the complaint that Cooke is liable for Associated's negligence, and that the facts of that case show that Cooke cannot be held liable

for the conduct of Associated. Thus, Globe concludes that since Cooke can ultimately have no liability to the Lewis plaintiffs, it is not entitled to coverage. As noted above, however, the duty of an insurer to defend is broader than its duty to pay. While it may be true that the facts in *Lewis* reflect that Cooke should not be held liable to the Lewis plaintiffs, that is not a relevant consideration in analyzing Globe's duty to defend Cooke.

▮ Under New York law, an insurer has a duty to defend a pending lawsuit whenever the allegations in the complaint, along with other underlying facts regarding the claim known to the insurer, fall within the risk covered by the policy; the insured's ultimate liability is not a consideration. *See Zurich–American Insurance Cos.*, 139 A.D.2d 379, 531 N.Y.S.2d 911. If liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend no matter how groundless, false or baseless the suit may be. *See Fitzpatrick v. American Honda Motor Co.*, 78 N.Y.2d 61, 571 N.Y.S.2d 672, 575 N.E.2d 90; *Ruder & Finn Inc. v. Seaboard Surety Company*, 52 N.Y.2d 663, 669–70, 439 N.Y.S.2d 858, 861, 422 N.E.2d 518; *City of New York v. Consolidated Edison Co.*, 238 A.D.2d 119, 655 N.Y.S.2d 496 (1997).

The underlying complaint in the Lewis action alleges:

> That the accident and resulting injuries to the plaintiff, SETH LEWIS, were caused solely by reason of the negligence, carelessness and recklessness of the defendant(s) in the ownership, operation, maintenance and control of their motor vehicle.

Lewis Complaint ¶ 12. The Lewis plaintiffs allege that the vehicle was owned by Associated and operated by Ernest Riggio with the permission and consent of Associated, and that Cooke d/b/a Garlick Funeral Home had direction, control and supervision over the vehicle in that Garlick Funeral Home was conducting a funeral procession at the time of the accident. Since these allegations are arguably within the scope of its coverage, they trigger Globe's duty to defend Cooke irrespective of whether the allegations are true or whether, on the basis of such allega-

tions, liability is ever established against Cooke.[1]

### 2. *The Levy Action*

With respect to the Levy Action, Globe contends that Cooke and SCI–NY are not insureds under the Globe policy because they were not permissive users of the vehicle. Globe's conclusion is based on two points: (1) that the limousine was not hired by Cooke, and (2) Mr. Simon did not have permission to use the limousine.

■ Globe asserts that Cooke hired National Funeral Car, who in turn hired Associated. Globe, however, does not indicate how this fact impacts on Cooke's permissive use of Associated's limousine. There is no evidence that National Funeral Car's permission from Associated to use the limousine was limited in any way, and there is no evidence that Associated withheld permission for Cooke to use the limousine in any manner. Thus, Cooke's permission to use the limousine is clearly implied. *See Schrader v. Carney,* 180 A.D.2d 200, 586 N.Y.S.2d 687 (1992) (where owner gave express permission to his son, and son may have given permission to a third-party to drive the vehicle, statutory presumption arose that third-party was using vehicle with owner's implied consent); *see also Lovetere v. Stackhouse,* 25 A.D.2d 629, 268 N.Y.S.2d 974 (1966).

■ Globe contends that Plaintiffs are not entitled to coverage under the Globe policy because Mr. Simon, Cooke's funeral director, did not have Associated's permission to close the door of the vehicle.[2] Under New York law, the statutory presumption that a vehicle is operated with the owner's

consent can only be rebutted with "substantial evidence to the contrary." *Guerra v. Kings Plaza Leasing Corp.,* 172 A.D.2d 583, 568 N.Y.S.2d 413 (1991) (where stolen vehicle had been involved in automobile accident, evidence that rental agreement for vehicle listed lessee as the only authorized driver, that lessee had parked and locked the vehicle before going away, that lessee did not give permission to anyone to use vehicle while she was away, that lessee took the only set of keys to the vehicle with her, and that lessee immediately notified police upon her return that the vehicle had been stolen, was sufficient to rebut statutory presumption); *see also* New York Vehicle and Traffic Law § 388(1).

Globe has not produced "substantial evidence" to overcome the presumption that Mr. Simon had Associated's permission to use the limousine. The only evidence presented by Globe is the testimony of Pipitone that "we don't let anybody else close the doors on the car." Globe does not present any evidence that anyone advised Cooke, SCI–NY or Mr. Simon that Mr. Simon did not have permission to close the doors to the limousine. Indeed, Pipitone testified that he did not instruct Mr. Simon that he was not to touch the vehicle, use the vehicle or assist people into the vehicle. *See* Helfenstein Aff., Exhibit B, at 101–02.

■ Moreover, even if Globe were correct, and Plaintiffs were not permissive users, this would not, as a matter of law, obviate Globe's broad duty to defend. In *Colon v. Aetna Life & Cas. Ins. Co.,* 66 N.Y.2d 6, 494 N.Y.S.2d 688, 484 N.E.2d 1040, the court held that as long as the issue was unresolved,

---

1. Cooke's reliance on *Lionel Freedman, Inc. v. Glens Falls Insurance Co.,* 27 N.Y.2d 364, 318 N.Y.S.2d 303, 267 N.E.2d 93 (1971) is misplaced. In that case the insurer was not obligated to provide a defense because the insured elected not to purchase the optional elevator coverage. Thus, the claim was not encompassed within the coverages encompassed by the policy. By contrast, the Globe policy provides coverage for automobile accidents and also extends coverage to other entities.

2. New York courts have consistently found that "use" of a motor vehicle involves more than just driving a car. Rather, the term has been construed to include all activities necessarily part of

driving a vehicle, including entering and exiting a vehicle. *See Fireman's Fund American Insurance Companies v. Olin,* 84 Misc.2d 504, 376 N.Y.S.2d 800 (1975) (use or operation of vehicle includes getting in and getting out of vehicle, such that owners of vehicle were liable for injuries sustained when passenger's hand was caught in a closing door); *Glouzwski v. Ruback,* 3 A.D.2d 692, 159 N.Y.S.2d 71 (1957) (closing of door of automobile on passenger's hand while exiting vehicle may involve use or operation of automobile depending on circumstances); *see also Gering v. Merchants Mutual Insurance Co.,* 75 A.D.2d 321, 429 N.Y.S.2d 252 (1980).

an allegation of permissive use in the underlying complaint obligated the insurer to provide a defense to the driver, even though the driver was a stranger to the policy, the insurer's own investigation established correctly that the driver had stolen the vehicle, and the jury in the underlying action ultimately determined that the driver did not have permission to operate the vehicle. Similarly, in *Green Bus Lines v. Consolidated Mut. Ins. Co.*, 74 A.D.2d 136, 426 N.Y.S.2d 981, the court, in holding that the insured was entitled to a defense based on a broad reading of the allegations of the complaint even though the insurer had independent proof which indicated that a policy exclusion was applicable, wrote:

> Although it appears that the insurer is in possession of certain proof concerning the happening of the accident, it may not adduce such proof to controvert or resolve ambiguities in the allegations of the underlying complaint so as to establish the applicability of the automobile maintenance exclusion.... While this rule is harsh it is in accord with the general principle that where the allegations of the underlying complaint plead a case which potentially comes within the coverage of the policy, the insurer must provide a defense.

*Id.* at 144–145, 426 N.Y.S.2d 981.

### C. *Globe Failed to Timely Disclaim, and is Estopped from Contesting Coverage*

■ New York Insurance Law Section 3420(d) provides:

> If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice of disclaimer as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

N.Y. Ins. Law § 3420(d) (McKinney 1985).

It is well established that an insurance carrier will be estopped from disclaiming coverage based on an exclusion in a policy when it has delayed unreasonably in issuing its disclaimer. *See e.g., Hamilton v. City of New York*, 681 N.Y.S.2d 563 (2d Dept.1998); *Aetna Life & Casualty v. Boucher*, 238 A.D.2d 414, 656 N.Y.S.2d 316 (1997) (automobile insurer's one-year delay in denying coverage was unreasonable); *Greater New York Mutual Insurance Co. v. Clark*, 205 A.D.2d 857, 613 N.Y.S.2d 295 (1994) (fifteen month delay in disclaiming coverage based on non-permissive use of vehicle was unreasonable); *Progressive Casualty Insurance Co. v. Conklin*, 123 A.D.2d 6, 510 N.Y.S.2d 246 (1986) (seven month delay unreasonable).

With respect to the Lewis Action, it is undisputed that Cooke tendered a copy of the complaint to Globe by letter dated December 28, 1994, and followed up on its request for coverage by letters dated January 9, 1995 and February 13, 1995. Globe did not respond to Cooke's claim. As to the Levy Action, it is undisputed that Globe did not deny coverage until April 26, 1996, more than fifteen months after Cooke requested that Globe provide Cooke and SCI–NY with a defense and indemnification in the Levy action.

Globe does not contest that it failed to timely disclaim coverage to Cooke and SCI–NY, but rather that it had no duty to disclaim since "the grant of coverage does not extend to [Plaintiffs] as insured[s]." (Defendant's Brief at 10). It is true, as Globe contends, that "an insurance company is not subject to the timely disclaimer provisions contained in Insurance Law § 3420(d) where no coverage existed under the policy." *Matter of State Farm Mut. Auto. Ins. Co.*, 192 A.D.2d 824, 825, 596 N.Y.S.2d 554; *see Zappone v. Home Ins. Co.*, 55 N.Y.2d 131, 138–139, 447 N.Y.S.2d 911, 432 N.E.2d 783. However, New York courts have consistently determined that a non-coverage determination based on a non-permissive use of an automobile is akin to a disclaimer based on a policy exclusion, and is subject to New York Insurance Law Section 3420(d). *See Gill v. Gouchie*, 210 A.D.2d 954, 620 N.Y.S.2d 679 (1994) (insurer was obligated to timely disclaim where it was relying on lack of permissive use of the automobile to avoid coverage); *Greater New York Mutual*

*Insurance Co. v. Clark,* 205 A.D.2d 857, 613 N.Y.S.2d 295 (1994) ("a careful reading of the limiting language used to define who is an 'insured' under the policy reveals that non-permissive use is in the nature of an exclusion and, hence, a notice of disclaimer is required."); *Richardson v. Leatherbee Insurance Co.,* 47 A.D.2d 891, 367 N.Y.S.2d 263 (1975) (question whether vehicle was operated with permission of owner was operated with permission of owner was deemed waived by insurers' failure to disclaim).

█ In each of the underlying actions, Cooke and SCI–NY were using Associated's limousines at the time of the accidents. Accordingly, Globe did have a duty to disclaim coverage. Its failure to disclaim entirely in the Lewis Action and its more than fifteen month delay in disclaiming in the Levy action are unreasonable as a matter of law. *See Greater New York Mutual Insurance Co. v. Clark,* 205 A.D.2d 857, 613 N.Y.S.2d 295 (1994). Thus, Globe is estopped from contesting coverage.

## II. *Plaintiffs' Motions to Strike Globe's Answer, Preclude Globe from Offering Any Evidence at the Trial of This Action and for Attorney's Fees Are Denied*

█ Given that Plaintiffs' motion for summary judgment is granted, its motions to preclude Globe from offering evidence of this action at trial and to strike Globe's answer are dismissed as moot.

Plaintiffs move for attorney's fees pursuant to Fed.R.Civ.P.37(d). They allege that Globe failed to respond to Plaintiffs' discovery requests by the September 9, 1998 discovery cut-off date as ordered by this Court. Plaintiffs further allege that Globe has offered no excuse as to why it could not provide the requested discovery before it did so on October 15, 1998. Globe maintains that it has now provided the requested discovery and its failure to do so earlier was "inadvertent" and due to a clerical error.

█ Fed.R.Civ.P. 37 provides in part:

If a party ... fails ... to serve answers or objections to interrogatories ... the court in which the action is pending on motion may make such orders in regard to the failure as are just.... In lieu of any order or in addition to thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that circumstances make the award of expenses unjust.

Fed.R.Civ.P.37(d). The appropriateness of a given sanction is not guided by any clearly defined rule or doctrine but should be just, in accordance with the terms of Rule 37(d), and should serve the guidelines outlined in *Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67 (2d Cir.1988); *Williams v. National Housing Exchange Inc.,* 165 F.R.D. 405, 408 (S.D.N.Y.1996). *Update Art* outlined three purposes of Rule 37 sanctions: (1) they insure that a party will not benefit from failure to comply with discovery requests, (2) they are specific deterrents in a case to a particular party, and (3) they have "a general deterrent effect on the case at hand and on other litigation...." *Id.* (citing *Update Art,* 843 F.2d at 71).

Here, Globe has complied (albeit late) with the Plaintiffs' discovery requests and has not "failed" to answer the interrogatories as required under Rule 37(d). Globe will not benefit from its dilatory production of discovery materials. Accordingly, the Plaintiffs are not entitled to Rule 37(d) sanctions, and their motion is denied.

### *Conclusion*

For the reasons set forth above, Plaintiffs' motion for summary judgment is granted. Plaintiffs' motion to preclude Globe from offering evidence and to strike Globe's answer is denied as moot. Plaintiffs' motion for attorney's fees is denied.

Submit judgment on notice.

It is so ordered.