**TUFF–N–RUMBLE MANAGEMENT, INC., d/b/a Tuff City Records, Plaintiff,**

v.

**SUGARHILL MUSIC PUBLISHING INC., Sugar Hill Records, Ltd., Sugar Hill Records, Inc., Sugar Hill Music, Inc. and Sugar Hill Music Publishing, Ltd., Defendants.**

No. 97 CIV. 7700 (RWS).

United States District Court, S.D. New York.

June 15, 1998.

*OPINION*

SWEET, District Judge.

Plaintiff Tuff–N–Rumble Management, Inc., ("Tuff") has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the six counterclaims asserted against it by Defendants Sugarhill Music Publishing Inc., Sugar Hill Records, Ltd., Sugar Hill Records, Inc., Sugar Hill Music, Inc., and Sugar Hill Music Publishing, Ltd. (collectively, "Sugarhill"). For the reasons set forth below, Tuff's motion is denied in part and granted in part.

### The Parties

Tuff is a New York corporation with its principal place of business in New York, New York.

Sugarhill Music Publishing, Inc., Sugar Hill Records, Inc., and Sugar Hill Music Publishing, Ltd. are New Jersey corporations with their principal place of business in Englewood, New Jersey.

Sugar Hill Records, Ltd. and Sugar Hill Music, Ltd. have their principal places of business in Englewood, New Jersey. In its complaint, Tuff asserted that these entities are New Jersey corporations, but Sugarhill denied these claims in its answer.

Defendants are engaged in the business of commissioning, acquiring, owning, licensing and selling musical compositions, works, songs, and the recorded performances thereof.

### Prior Proceedings

Tuff filed a complaint against Sugarhill alleging copyright infringement, violation of the Lanham Act, tortious interference with prospective economic advantage, and unfair business practices in violation of New York General Business Law on October 17, 1997. Sugarhill filed its answer and six counterclaims on March 9, 1998. Sugarhill alleges that Tuff committed copyright infringement in violation of copyright law and that Tuff is liable under New Jersey law for interference with prospective economic advantage, tortious interference with contract, slander of title, defamation, and malicious prosecution.

Cobrin Gittes & Samuel, New York, NY (Peter T. Cobrin, David A. Jacobs, Oren Warshavsky, of Counsel), for Plaintiff.

Liebowitz & Liebowitz, Englewood, NJ (William C. Rindone, Jr., of Counsel), for Defendants.

Tuff filed the instant motion on March 26, 1998. The motion was fully submitted on April 20, 1998.

### Facts

In considering a motion to dismiss, the factual allegations of the complaint are presumed to be true and all factual inferences must be drawn in the plaintiff's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (on review of sufficiency of a complaint, "allegations of the complaint should be construed favorably to the pleader"); *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989); *Dwyer v. Regan,* 777 F.2d 825, 828–29 (2d Cir.1985). Therefore, the factual allegations set forth below do not constitute findings of fact by the Court. Unless otherwise indicated, the facts are drawn from the allegations made by Sugarhill in their counterclaims.

The dispute between Tuff and Sugarhill focuses on the copyright ownership of the song "Spoonin' Rap" by Gabriel Jackson, a/k/a Marion Jackson, professionally known as Spoonie Gee ("Jackson"). On or about November 1, 1979, Jackson sold to Heavenly Crown Music his rights to the musical composition (the "Composition") and the master recording (the "Master"). On June 9, 1980, Peter Brown, on behalf of Heavenly Crown Music, assigned the copyright to both the Composition and the Master to Sugarhill, which subsequently recorded the assignment in the United States Copyright Office on August 18, 1995.

According to Tuff, Jackson assigned his copyright interest in the Composition to Tuff in 1988, and it holds United States Copyright Registration SR 174–458, dated August 23, 1994 (the "Registration"). Sugarhill, however, maintains that Tuff's copyright registration covers only the sounding recording.

Although Tuff has had knowledge of Sugarhill's interest in "Spoonin' Rap," it has represented itself as the rightful owner of both the Composition and the Master and claimed exclusive entitlement to all royalties and licensing fees. As a result of Tuff's assertions, Sugarhill has had to place money attributable to royalties and/or licensing fees in escrow.

Sugarhill further alleges that Tuff has authorized third parties to use the Composition and has collected royalties and commissions from RCA for the "Fresh" movie soundtrack, the movie "Love Without Pity," and the domestic/international release of "True School" by K–Tel International. In addition, Tuff has filed claims against Sugarhill's licensees.

Prior to the present action, Tuff brought similar claims against Sugarhill in the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C–275–97. Sugarhill had the case removed to the United States District Court for the District of New Jersey, whereupon the court granted Tuff's motion for voluntary dismissal without prejudice.

### Discussion

#### I. Standard for Motion to Dismiss

In deciding the merits of a motion to dismiss for failure to state a claim, all material allegations composing the factual predicate of the action are taken as true, for the court's task is to "assess the legal feasibility of the complaint, not assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 (2d Cir.1984) (quoting *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980)). Thus, where it is clear that plaintiff can prove no set of facts in support of his or her claim which would warrant relief, the motion to dismiss must be granted. *See H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (on motion under Rule 12(b)(6), Fed. R.Civ.P., affirmation of dismissal of the complaint requires it to be " 'clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' ") (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

#### II. Counterclaim for Interference with Prospective Economic Advantage Is Not Dismissed

According to New Jersey common law, the elements of a claim for tortious interference with prospective economic ad-

vantage are: (1) a reasonable expectation of economic advantage; (2) intentional and malicious interference; (3) a causal link between the interference and the loss of prospective gain; and (4) damages. *Printing Mart–Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 563 A.2d 31, 37 (1989). Moreover, the claim must be directed at defendants who are not parties to the relationship. *Id.*

Tuff challenges Sugarhill's allegation of reasonable expectation of economic advantage. Tuff contends since the Registration covers both the composition and the sound recording of "Spoonin' Rap," and therefore it alone may license the work to third parties, that there is no possible expectation of economic advantage with which to interfere.

Tuff's contention, however, raises an issue of fact rather than addresses a shortcoming of the pleadings. Tuff mistakenly relies upon 17 U.S.C. § 205(d) of the Copyright code, which provides that:

As between two conflicting transfers, the one executed first prevails if it is recorded, in the manner required to give constructive notice under subsection (c), within one month after its execution in the United States or within two months after its execution outside the United States, or at any time before recordation in such manner of the later transfer. Otherwise the later transfer prevails if recorded first in such manner, and if taken in good faith, for valuable consideration or on the basis of a binding promise to pay royalties, and without notice of the earlier transfer.

Tuff contends that even if Sugarhill's transfer occurred first, it was not recorded until 1995. Therefore the transfer to Tuff, although at a later date, must prevail. Contrary to Tuff's position, however, the mere act of registration does not establish Tuff's rightful ownership. Establishing their rights raises issues of good faith, consideration, and notice of the earlier transfer. Moreover, Tuff must establish that there was in fact a transfer which, among other things, must be in writing. *See* 17 U.S.C. § 204(a) ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed

by the owner of the rights conveyed or such owner's duly authorized agent."). These are issues of fact which cannot be decided here on a motion to dismiss. Accordingly, Tuff's motion to dismiss Sugarhill's counterclaim is denied.

### III. *Counterclaim for Tortious Interference with Contract Is Not Dismissed*

A claim for tortious interference with contractual relations in New Jersey must allege: "(1) the existence of the contract (or the prospective economic relationship); (2) interference which was intentional and with malice; (3) the loss of the contract or prospective gain as a result of the interference; and (4) damages." *Velop, Inc. v. Kaplan*, 301 N.J.Super. 32, 693 A.2d 917 (App.Div. 1997).

Tuff maintains that as the holder of a federally registered copyright for "Spoonin' Rap", its conduct was driven by its legitimate interest in collecting royalties and not by malice. Again Tuff has raised a factual issue that does not undermine the sufficiency of Sugarhill's pleadings. Tuff's motion to dismiss the counterclaim is therefore denied.

### IV. *Counterclaim for Slander of Title Is Not Dismissed*

In New Jersey, "the tort of slander of title requires a plaintiff to establish that defendant falsely published an assertion concerning plaintiff's title which caused special damages to the plaintiff and that defendant acted out of malice, which was expressed or implied." *Lone v. Brown*, 199 N.J.Super. 420, 489 A.2d 1192, 1195 (App.Div.1985).

Tuff has moved for dismissal of this count on the ground that its statements claiming ownership of "Spoonin' Rap" are true according to copyright law. Because the factual issue raised by Tuff does not render Sugarhill's pleadings insufficient, Tuff's motion to dismiss is denied.

### V. *Counterclaim for Defamation Is Not Dismissed*

In a claim for defamation in New Jersey, Sugarhill must allege that Tuff made

a defamatory statement of fact concerning Sugarhill, which was false and which was communicated to a third party as well as fault and damages. *Feggans v. Billington,* 291 N.J.Super. 382, 677 A.2d 771, 775 (App. Div.1996). Unless subject to a privilege, fault may be established by asserting that Tuff was negligent in its failure "to ascertain the truth or falsity of the statement before communicating it" or that Tuff, knowing the statement to be false, acted "with reckless disregard of its truth or falsity." *Id.*

Sugarhill has alleged that Tuff's statements concerning the ownership of the Composition and the Master of "Spoonin' Rap" suggest that it has violated copyright law and thus may be subject to criminal penalties. Tuff, in its memorandum supporting its motion to dismiss, challenges the sufficiency of the allegations on the grounds that Tuff's statements are true and that "it is entirely unclear why this [statement] would be injurious."

As stated above, Tuff's claim that its statements are true raises a factual issue that does not weaken the sufficiency of the pleadings. Moreover, by questioning whether Sugarhill's allegations constitute a defamatory remark, Tuff attempts to place on Sugarhill the burden of demonstrating how Tuff's criminal accusations caused injury. Under a 12(b)(6) motion to dismiss, however, the burden of proof lies with the moving party.[1] In omitting any discussion of why Sugarhill is unable to establish any facts in support of its defamation counterclaim, Tuff fails to satisfy this burden. Tuff's motion to dismiss the defamation counterclaim is therefore denied.

## VI. *Counterclaim for Malicious Prosecution Is Dismissed*

A counterclaim for malicious prosecution in New Jersey must state that Tuff's original lawsuit "(1) was instituted without reasonable or probable cause; (2) was motivated by malice; (3) terminated favorably to the ... [defendant]; and (4) resulted in a

'special grievance' to the [ ][defendant]." *Giri v. Rutgers Cas. Ins. Co.,* 273 N.J.Super. 340, 641 A.2d 1112, 1115 (App.Div.1994). "The absence of any one of these elements is fatal." *Id.* at 1115–16.

Sugarhill alleges that Tuff maliciously and without probable cause brought the initial New Jersey action against Sugarhill, and that pursuant to Fed.R.Civ.P. 41(a)(1) Tuff voluntarily dismissed the action without prejudice. "A voluntary dismissal without prejudice leaves the situation as if the action had never been filed." *A.B. Dick Co. v. Marr,* 197 F.2d 498, 502 (2d Cir.1952). Since the original lawsuit was voluntarily dismissed, Sugarhill is unable to establish that the case was terminated in its favor. Sugarhill therefore has not satisfied each element of its counterclaim for malicious prosecution, and it is dismissed.

## VII. *Counterclaim for Copyright Infringement Is Not Dismissed*

In its counterclaim for copyright infringement, Sugarhill alleges that Tuff has granted third parties permission to use "Spoonin' Rap" without Sugarhill's permission, and that Tuff has received royalties and commissions for such agreements.

Tuff has moved to dismiss this counterclaim on the ground that as copyright holder it may authorize the reproduction and use of "Spoonin' Rap."

Again, Tuff's contention raises an issue of fact. In sum, as this litigation advances, it may be necessary for the Court to sort out the history of copyright ownership to Spoonin' Rap to establish which party, if any, owns rights and what those rights are. It is premature, however, at this stage, on a motion to dismiss where defendants counterclaim allegations must be accepted as true, to engage in this fact-intensive and apparently hotly disputed endeavor.

### *Conclusion*

For the reasons set forth above, Tuff's motion to dismiss Sugarhill's counterclaim

---

1. Moreover, it appears that in New Jersey statements asserting illegal conduct by another are

actionable. *See Printing Mart,* 563 A.2d at 45.

for malicious prosecution is granted; Tuff's motion is denied in all other respects.

It is so ordered.