**TUFF–N–RUMBLE MANAGEMENT, INC., d/b/a Tuff City Records, Plaintiff,**

v.

**SUGARHILL MUSIC PUBLISHING INC., Sugar Hill Records, Ltd., Sugar Hill Records, Inc., Sugar Hill Music, Inc. and Sugar Hill Music Publishing, Ltd., Defendants.**

**No. 97 CIV. 7700(RWS).**

United States District Court, S.D. New York.

Nov. 22, 1999.

Cobrin & Gittes, New York City, By Oren Warshavsky, Clyde A. Shuman, of Counsel, for Plaintiff.

Liebowitz & Liebowitz, Englewood, NJ, By William C. Rindone, Jr., of Counsel, for Defendants.

## OPINION

SWEET, District Judge.

Before the Court are several motions by plaintiff Tuff–n–Rumble Management, Inc. d/b/a/ Tuff City Records ("Tuff"), which seeks (1) to dismiss several counterclaims of defendants Sugarhill Music Publishing Inc., Sugar Hill Records Ltd., Sugar Hill Records, Inc., Sugar Hill Music, Ltd., Sugar Hill Music, Inc., Sugar Hill Music Publishing, Ltd., Twenty Nine Black Music, and Joseph Robinson, Sr. ("Defendants"); (2) to strike Defendants' demand for a jury trial; (3) an award of summary judgment on the claim of copyright infringement; (4) to establish a variety of factual findings on the basis of Defendants' failure to comply with discovery requirements; and (5) various requests for attorney's fees, costs, and sanctions. For the reasons set forth below, the motions will be granted in part and denied in part.

### Prior Proceedings

The facts and prior proceedings in this action have been set forth in two decisions of this Court, familiarity with which is assumed. *See Tuff–N–Rumble Management, Inc. v. Sugarhill Music Publ'g Inc.*, 49 F.Supp.2d 673 (S.D.N.Y.1999) (*"Tuff–N–Rumble II"*); *Tuff–N–Rumble Management, Inc. v. Sugarhill Music Publ'g Inc.*, 8 F.Supp.2d 357 (S.D.N.Y.1998) (*"Tuff–N–Rumble I"*). Facts and proceedings relevant to the instant motions are set forth below.

Tuff filed a complaint against Defendants alleging copyright infringement, violation of the Lanham Act, tortious interference with prospective economic advantage, and unfair business practices in violation of New York General Business Law on October 17, 1997. Defendants filed an answer and six counterclaims on March 9, 1998, alleging copyright infringement, interference with prospective economic advantage, tortious interference with contract, slander of title, defamation, and malicious prosecution.

On March 26, 1998, Tuff filed a motion to dismiss Defendants' six counterclaims. By opinion and order dated June 15, 1998, the Court granted the motion with regard to the counterclaim for malicious prosecution, but denied it with regard to the other counterclaims.

On December 15, 1998, Tuff moved to amend the complaint to join additional defendants. The motion was granted by order dated January 27, 1999. The amended complaint was filed on February 3, 1999.

On December 17, 1998, Tuff moved to dismiss for lack of subject matter jurisdiction Defendants' counterclaim of copyright infringement, and to award summary judgment dismissing Defendants' counterclaims for tortious interference and defamation, and Defendants' affirmative defense of prior transfer. On February 17, 1999, Defendants moved to strike Tuff's amended complaint. These motions were decided together in an opinion issued by the Court on May 24, 1999, granting Tuff's motion to dismiss Defendants' counterclaim for copyright infringement, and awarding Tuff summary judgment on Defendants' affirmative defense of prior transfer, but denying Tuff's motion on the counterclaims of tortious interference and defamation on the grounds that factual questions remained. Defendants' motion to strike was denied.

On June 14, 1999, Defendants filed an answer to Tuff's amended complaint and reasserted counterclaims of interference with prospective economic advantage, interference with contractual relations, slander of title, and defamation. Defendants also reasserted the previously-dismissed affirmative defense of prior transfer and counterclaim of copyright infringement, changing the allegations to state that Tuff had actual knowledge of the prior transfer. The answer also demanded, for the first time, a jury trial.

Also on June 14, 1999, Tuff filed the instant "omnibus" motion "in limine" requesting that the Court establish factual findings with regard to various alleged infringements on the part of Defendants since Defendants had allegedly failed to respond to repeated requests for discovery. On June 29, 1999, Tuff filed the instant motion to dismiss Defendants' counterclaim for copyright infringement and its affirmative defense of prior transfer, to strike the jury demand, and for attorney's fees. On July 21, Tuff filed the motion for sanctions. These motions were taken on submission. Answer and reply papers were received, and the motions were deemed fully submitted as of July 21, 1999.

On August 9, Tuff filed the instant motion for summary judgment. Answer and reply papers were received, and oral argument was heard on September 15, 1999, at which point the motion was deemed fully submitted.

### Facts

The facts as set forth below are drawn from Tuff's Rule 56.1 Statement, and from supporting affidavits and declarations of Tuff and Defendants.[1]

The dispute between Tuff and Defendants focuses on the ownership of the copyright to the composition and the master recording of the song "Spoonin' Rap" (the "Composition") by Gabriel Jackson, a/k/a Marion Jackson, professionally known as Spoonie Gee ("Jackson"). In November 1979, Jackson and Peter Brown ("Brown"), the alleged owner of Queen Constance Records and Heavenly Crown Music, recorded the Composition. Jackson allegedly entered into an "Exclusive Songwriters Agreement," dated November 1, 1979, with Heavenly Crown Music ("Heavenly Crown"), granting Heavenly Crown the exclusive rights to the Composition. Brown subsequently released the Composition throughout the United States. The Composition apparently enjoyed some minor success within the industry.

On June 9, 1980, Brown allegedly assigned both the publishing rights and the rights to the master recording of the Composition to Joseph Robinson, Sr. ("Robinson") on behalf of Sugar Hill Records, Ltd. and Sugar Hill Music, Ltd. The alleged assignment of rights was allegedly memorialized in two assignment contracts.

Photocopies of the two alleged assignment contracts, as well as of the Exclusive Songwriters Agreement, were produced by Defendants in the course of discovery. However, Tuff's forensic document examiner, expert Paul A. Osborn, cast sufficient doubt on the authenticity of the signatures on the agreements to discredit them. The discrediting is reinforced by the fact that Defendants do not in any way contest the findings of Osborn, nor have Defendants, apparently, been willing to disclose the originals of the agreements (if such exist) to disprove the allegations of fraud and/or forgery. Under these circumstances, the documents can carry no probative weight.

It is undisputed that Brown entered into an agreement with Tuff on June 27, 1988 to assign all rights, title, and interest in the Composition to Tuff for $200.00.

In November 1993, Defendants contacted Tuff, stating that Defendants owned the Composition. To demonstrate ownership, Defendants provided Tuff with two

---

**1.** With regard to the summary judgment motion, Defendants did not submit a Rule 56.1 Statement. Under Local Rule 56.1(c), unopposed statements of material facts by the moving party are "deemed to be admitted unless controverted by the statement required to be served by the opposing party." Tuff therefore claims that the Court is required to accept its Rule 56.1 Statement unequivocally. However, Tuff's Rule 56.1 Statement violates Local Rule 56.1(d) by failing, after each statement of material fact, to cite to evidence which would be admissible. Such failure has required the Court to search through the supporting affidavits, declarations, and exhibits for the underlying evidentiary support, thereby negating the very purpose the Rule 56.1 Statement is supposed to serve. For this reason, the Court has considered the totality of the submissions in deciding the summary judgment motion and has not relied exclusively on Tuff's Rule 56.1 Statement.

copyright registrations—one purporting to cover the "master" component and one purporting to cover the "composition" component. These same purported copyright registrations were also shown to various third parties to demonstrate ownership.

The copyright registrations, however, were not genuine, as Tuff was informed by the United States Copyright Office. The registrations covered a different song, "Spoonie Is Back." On December 30, 1993, Tuff received a letter from the Copyright Office informing Tuff that no registration for the Composition existed from 1978 through November 26, 1993. On August 23, 1994, Tuff registered the Composition with the Copyright Office.

On August 18, 1995, Defendants recorded with the Copyright Office the purported assignment of the rights to the Composition from Brown to Defendants on June 9, 1981.

### Discussion

#### I. Defendants' Affirmative Defense of Prior Transfer and Counterclaim of Copyright Infringement Are Dismissed

##### A. Prior Transfer

In a prior opinion, the Court dismissed the defense of prior transfer. *See Tuff–N–Rumble II,* 49 F.Supp.2d at 680–81. The renewed defense alleges actual, as opposed to constructive, notice of prior transfer.

 The Court need not address Tuff's claims that the renewed defense is barred by the doctrines of the law of the case, res judicata, and collateral estoppel. Defendants have placed no facts before the Court which were not considered in deciding the previous motion to dismiss this defense. There is thus no basis for revisiting the previous decision. Tuff was on neither actual nor constructive notice of a prior transfer, because the purported notice consisted of duplicates of copyright registrations revealed to be fraudulent. The affirmative defense of prior transfer is again dismissed.

##### B. Copyright Infringement

[2] Similarly, nothing in the answer to the amended complaint or otherwise before the Court requires revisiting the prior dismissal of the counterclaim for copyright infringement. Defendants still lack copyright registration of the Composition and thus lack the "jurisdictional prerequisite to an infringement suit." *Tuff–N–Rumble II,* 49 F.Supp.2d at 677 (internal quotation marks omitted). Defendants' recordation in 1995 with the Copyright Office of the purported assignment of rights from Brown to Defendants in 1981 does not constitute copyright registration under the statute. Recordation is covered under 17 U.S.C. § 205; registration is covered under 17 U.S.C. §§ 408–410. *See also* 37 C.F.R. § 201 (1999). Defendants cite no authority, nor has this Court discovered any, suggesting that recordation of the transfer of copyright suffices to meet the jurisdictional prerequisite. The counterclaim for copyright infringement is again dismissed.

#### II. Tuff's Motion to Strike Defendants' Jury Demand Is Granted

[3] Under Federal Rule of Civil Procedure 38, failure to make a jury demand within 10 days after the close of the original pleadings constitutes a waiver of a party's right to a jury trial as to all issues relating to the general area of dispute. *See* Fed.R.Civ.P. 38(b), (d); *Anaconda–Ericsson v. American Dist. Tel. Co.,* 101 F.R.D. 13, 15 (E.D.N.Y.1984). "In this Circuit, amendments to the pleadings revive the right to a jury trial only if the amendments involve new issues or change the original issues." *Sunenblick v. Harrell,* 145 F.R.D. 314, 316–17 (S.D.N.Y.1993) (*citing Berisford Capital Corp. v. Syncom Corp.,* 650 F.Supp. 999, 1001 (S.D.N.Y. 1987)). "[I]f the amended pleadings concern the same 'general area of dispute' as was raised in the original pleadings," the right to a jury trial is not revived. *Id.* at 317 (*quoting Lanza v. Drexel & Co.,* 479 F.2d 1277, 1310 (2d Cir.1973)). Moreover,

the "mere addition of parties does not change the underlying claims or the nature of the relief desired and, therefore, does not revive [a party's] right to a jury trial." *Id.* at 317.

Tuff did not demand a jury trial in its original complaint filed on October 17, 1997, nor did Defendants in their answer of February 22, 1998. Defendants demanded a jury trial for the first time in this action on April 21, 1999 in a conference with the Court, and subsequently included a demand for a jury trial in their answer to Tuff's amended complaint. As the Court previously indicated, Tuff's amended complaint does not differ substantively from its original complaint. *See Tuff–N–Rumble II,* 49 F.Supp.2d at 682. Nor does Defendants' answer. As indicated above, Defendants have raised the same affirmative defenses and counterclaims, save for the counterclaim of malicious prosecution which the Court previously dismissed. The slight change in Defendants' allegations—that Tuff had actual, as opposed to constructive, notice of prior transfer—and the addition of new defendants do not raise new issues or change the original issues. Defendants therefore have not met the standard required to revive the right to a jury trial, and Tuff's motion to strike is granted.

### III. *Tuff's Motion For Summary Judgment Is Granted*

#### A. *The Standard For Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment may be granted when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Second Circuit has repeatedly noted that "as a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Brady v. Town of Colchester,* 863

F.2d 205, 210 (2d Cir.1988) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 330 n. 2, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (Brennan, J., dissenting)); *see Tomka v. Seiler Corp.,* 66 F.3d 1295, 1304 (2d Cir.1995); *Burrell v. City Univ.,* 894 F.Supp. 750, 757 (S.D.N.Y.1995). If, when viewing the evidence produced in the light most favorable to the nonmovant, there is no genuine issue of material fact, then the entry of summary judgment is appropriate. *See Burrell,* 894 F.Supp. at 758 (*citing Binder v. Long Island Lighting Co.,* 933 F.2d 187, 191 (2d Cir.1991)).

Materiality is defined by the governing substantive law. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[T]he mere existence of factual issues—where those issues are not material to the claims before the court—will not suffice to defeat a motion for summary judgment." *Quarles v. General Motors Corp.,* 758 F.2d 839, 840 (2d Cir.1985).

#### B. *Summary Judgment Is Appropriate*

Tuff seeks summary judgment on its cause of action that Defendants infringed upon Tuff's copyright to the Composition. Tuff's claim is based upon the federal Copyright Act, 17 U.S.C. § 101 *et seq.* 17 U.S.C. § 106 sets forth the pertinent exclusive rights of the owner of a copyright of a musical work under the Act:

> Subject to sections 107 through 120, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
>
> (1) to reproduce the copyrighted work in copies or phonorecords;
>
> (2) to prepare derivative works based upon the copyrighted work;
>
> (3) to distribute copies or phonorecords of the copyrighted work to the

public by sale or other transfer of ownership, or by rental, lease, or lending;

. . . .

Tuff alleges that Defendants have interfered with Tuff's rights by improperly authorizing third parties to make and distribute copies of, or to create derivative works based upon, the Composition, and by interfering with Tuff's right to do the same.

█ Defendants have raised a number of affirmative defenses with regard to Tuff's copyright infringement claim. First, Defendants claim that Tuff's SR Copyright Registration only covers the "composition" component of the Composition, not the "master" component, *i.e.* the sound recording itself. However, Copyright Office Circular 56a explains that "[a]lthough they are separate works, a musical composition and a sound recording may be registered together on a single application if ownership of the copyrights in both is exactly the same. To register a single claim in both works, complete Form SR." The Circular also indicates that to register both a musical composition and a sound recording on the Form SR, in the boxes labeled "Nature of Authorship" the applicant should write "Music and Sound Recording OR Music, Words, and Sound Recording." Tuff's Certificate of Registration SR 174–458 of the Composition indicates both "sound recording" and "words and music" in the "Nature of Authorship" boxes. On its face, therefore, Tuff's Copyright Registration satisfies the requirements to register both the "sound recording" and "composition" elements of the Composition. Defendant has provided no explanation, other than bare allegations, why this should not be the case. This defense is therefore rejected.

Second, Defendants raise the defense of prior transfer, which was previously dismissed, *see Tuff–N–Rumble II,* 49 F.Supp.2d at 681, and dismissed again in this Opinion, *see* Part I, *supra.*

Defendants' remaining affirmative defenses in its answer to the amended complaint—failure to state a claim, expiration of the statute of limitations, laches, that Defendants are not the proper parties, and that Defendants did not owe, or breach, a duty to Tuff—do not merit serious consideration and, indeed, were not even raised in Defendants' brief opposing this motion.

It is undisputed that Tuff holds United States Copyright Registration SR 174–458, dated August 23, 1994, which covers the "sound recording" of, and the "words and music" to, the composition "Spoonin' Rap." It is also undisputed that the transfer of the right to the Composition from Brown to Tuff was for good and valuable consideration, and that Tuff's registration predates Defendants' recordation. These facts, coupled with the dismissal of Defendants' affirmative defenses, require granting of summary judgment to Tuff on its claim of copyright infringement for any actions by Defendants in violation of the statute.

Defendants admitted to the following allegations in Tuff's complaint: Defendants have represented to the public that they are the owners of the Composition, that Tuff is without authority to license the Composition, that Defendants have contacted third parties for the purpose of licensing or selling rights to the Composition, that they have collected payments, royalties, and commissions thereon by licensing the Composition, and that they have given permission to third parties to use, to digitally sample, and to prepare derivative works based on the Composition.

In addition, Tuff alleges six specific violations by Defendants: (1) authorization of BMG and RCA on October 31, 1994 to manufacture and distribute copies of "Spoonin' Rap" on the album, "Fresh, Music Inspired By The Film;" (2) authorization of CEMA Special Markets ("CEMA") to manufacture and distribute copies of "Spoonin' Rap"; (3) sale of the master component to all songs Defendants claimed to own (including "Spoonin' Rap") to Rhino Entertainment, Inc. ("Rhino"); (4) authorization for Craig Mack to use "Spoonin'

Rap" within the derivative work "Style" and interference with Tuff's right to do the same; (5) authorization for the artist known as Monifah to use "Spoonin' Rap" within the derivative work "I Miss You (Come Back Home);" and (6) interference with Tuff's right to authorize Sean "Puffy" Combs to use "Spoonin' Rap" on two possible songs on the album "No Way Out."

Defendants' contentions regarding the allegations in (1), (2), (4), and (5) are bare statements lacking any evidentiary support. Tuff, by contrast, has provided substantial documentation supporting its allegations in each instance. Even under the strict standard for summary judgment which favors the party opposing the motion, Defendants have provided no basis for denial. For allegations (1), (2), (4) and (5), Defendants' conduct violates 17 U.S.C. §§ 501, 106(1) or 106(3). Summary judgment is appropriate. Factual questions preclude awarding summary judgment on allegations (3) and (6).

## IV. *The "Omnibus Motion In Limine"*

Alleging that Defendants have repeatedly failed to respond to discovery requests, Tuff seeks an order from this Court establishing that:

(1) Defendants received, at the very least, the following fees for licensing the Composition: (a) $97,499.82 for use in the film "Love Without Pity"; (b) $88,624.84 for use in the film "Fresh"; (c) $242,124.50 for use as a sample in the song "I Miss You (Come Back Home)"; (d) $85,499.82 for use by a company referred to as CEMA; (e) $85,499.82 for a different license to CEMA; (f) $85,499.82 for use by an entity referred to as EMI; (g) $85,499.82 for use by an entity referred to as NPO;

(2) Defendants sold all right and title in and to the master component of "Spoonin' Rap" to the entity known as Rhino Entertainment, Inc. for a value of ⅟₁₅₈ of the entire sale to Rhino;

(3) the following documents are fraudulent: (a) the assignments recorded at Volume 3139 pages 447 and 448 of the Library of Congress; (b) the alleged April 17, 1997 Affidavit of Fact signed by Peter Brown and Joseph Robinson, Sr.; and (c) the alleged 1979 songwriter's agreement between Gabriel Jackson and Peter Brown;

(4) defendants Sugarhill Music Publishing Inc., Sugar Hill Records, Ltd., Sugar Hill Records, Inc., Sugar Hill Music, Inc. and Sugar Hill Music Publishing, Ltd. are all merely the instruments and alter egos of their officers and/or directors, and/or shareholders; and

(5) Joseph Robinson, Sr. is the individual responsible for all of defendants' acts that are relevant to this action.

Tuff also seeks costs for this motion.

The motion is predicated on Defendants' repeated failure to respond to discovery requests. Tuff began seeking discovery in May 1998, serving Defendants with a set of interrogatories and document requests. The parties were unable to agree on the appropriate scope of the discovery, and on November 11, 1998, Tuff moved to compel the discovery, which this Court granted on December 14, 1998.

Subsequently, Tuff has apparently served Defendants with six sets of document requests and three sets of interrogatories. While Defendants have represented in open court that they have no objection to these requests, their actual responses have allegedly been incomplete. In addition, certain defendants have failed to appear for scheduled depositions.

Sanctions for failure to comply with discovery requests and orders are governed by Federal Rule of Procedure 37(d), which provides that if a party: 1) fails to appear to testify at a deposition after being served with a proper notice, 2) fails to serve answers or objections to interrogatories submitted under Rule 33, after proper service thereof, or 3) fails to serve a written response to a request for inspection submitted under Rule 34, after proper service thereof, the Court may make such orders in regard to the failure as are just, includ-

ing the imposition of any sanction authorized under Rule 37(b)(2)(A), (B), and (C). *See* Fed.R.Civ.P. 37(d).

Those subdivisions of Rule 37(b)(2) provide, respectively, that the Court may: A) order that the matters regarding which order made or any other designated facts be deemed established for the purposes of the action in accordance with the claim of the party obtaining the order; B) preclude the disobedient party from supporting or opposing the claims or defenses, or from introducing designated matters in evidence; or C) strike out pleadings or parts thereof; stay further proceedings until the order is obeyed, dismiss the action or any part thereof, or render a judgment by default against the disobedient party. *See* Fed.R.Civ.P. 37(b)(2).

■ Rule 37 thus provides for a wide spectrum of sanctions. The appropriateness of a given sanction is not guided by any clearly defined rule or doctrine but should be just, in accordance with the terms of Rule 37(d), and should serve the guidelines outlined in *Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67 (2d Cir.1988), and *Williams v. National Housing Exchange Inc.,* 165 F.R.D. 405, 408 (S.D.N.Y.1996). *Update Art* outlined three purposes of Rule 37 sanctions: (1) they insure that a party will not benefit from failure to comply with discovery requests, (2) they are specific deterrents in a case to a particular party, and (3) they have "a general deterrent effect on the case at hand and on other litigation...." *Williams,* 165 F.R.D. at 408 (*quoting Update Art,* 843 F.2d at 71).

Upon review of the record, the relief requested by Tuff is not appropriate at this stage of the proceedings. Discovery in this case was extended to September 15, 1999, by order of this Court dated June 11, 1999. Thus, discovery had not closed as of the date Tuff filed its "motion in limine." Nevertheless, it is possible that Defendants still have not met Tuff's discovery demands. Therefore, discovery will be extended for thirty days from the date of this Opinion, and Defendants are ordered to

comply with Tuff's discovery demands. Tuff is granted leave to renew its motion in limine if Defendants have failed to so comply at the end of the thirty day extension period.

## V. *Fees and Costs Will Not Be Awarded*

The Court has carefully considered Tuff's various requests for sanctions in the form of attorney's fees and costs for these motions, and has concluded that they are not warranted at the present time. Tuff is, however, granted leave to renew its motion for fees and costs if Defendants have not complied with the order to respond to Tuff's discovery demands.

### *Conclusion*

For the reasons set forth above, Tuff's motion for summary judgment on its claim of copyright infringement is granted. Tuff's motion to dismiss Defendants' affirmative defense of prior transfer and their counterclaim of copyright infringement, and its motion to strike Defendants' jury demand, are also granted. Discovery is ordered extended for thirty days from the date of this Opinion. Tuff's motion in limine and its motion for sanctions are denied, with leave to renew if Defendants do not comply with Tuff's discovery demands.

Settle judgment on notice.

It is so ordered.